**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONATHON O. DOWD, as father and administrator of the estate of JONATHON B. DOWD, deceased,** | : : : : : | **CIVIL ACTION No. 21-1945** |
| **Plaintiff,** | : : | |
| **v.** | : : | |
| **CITY OF PHILADELPHIA, et al.** | : : | |
| **Defendants** | : : | |

**ANSWER
<u>WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

Defendant the City of Philadelphia hereby files this Answer with Affirmative Defenses to Plaintiff's Complaint and aver as follows:

## I.  PRELIMINARY STATEMENT

1.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

## II.  JURISDICTION AND VENUE

2.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

3.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

4.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

5.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

### III.PARTIES

6.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

7.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

8.     The characterization of the officers described as "central business office" is denied as stated. It is denied the City of Philadelphia employs the individual Defendants, as the only other named Defendants are fictitious individuals. All other allegations in this paragraph are admitted.

9.     The allegations contained in this paragraph do not require a response as they are addressed to John Doe defendants who are fictitious individuals. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

10.     The allegations contained in this paragraph do not require a response as they are addressed to John Doe defendants who are fictitious individuals. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

11.     The allegations contained in this paragraph do not require a response as they are addressed to John Doe defendants who are fictitious individuals. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

12.     The allegations contained in this paragraph do not require a response as they are addressed to John Doe defendants who are fictitious individuals. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

13.     The allegations contained in this paragraph do not require a response as they are addressed to John Doe defendants who are fictitious individuals. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

14.     The allegations contained in this paragraph do not require a response as they are addressed to John Doe defendants who are fictitious individuals. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

15.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

### IV. STATEMENT OF FACTS

16.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

17.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

18.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

19.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

20.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

21.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

22.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

23.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

24.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

25.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

26.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

27.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

28.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

29.     Admitted.

30.     Admitted.

31.     It is admitted that at some point Dowd was lying on the ground, stood up, and was speaking unintelligibly at times. Allegations concerning the timing of the arrival of fictitious defendants are denied.

32.     The allegations contained in this paragraph do not require a response as they are addressed to John Doe defendants who are fictitious individuals. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

33.     Admitted.

34.     It is admitted that multiple officers and a former officer attempted to gain control of Dowd. All other allegations are denied.

35.     It is admitted that Dowd was eventually handcuffed by officers. Allegations concerning which fictitious defendant handcuffed Dowd are denied.

36.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

37.     Denied.

38.     It is admitted Philadelphia Fire Department EMTs responded to the scene in and ambulance, that Dowd was placed on a gurney, and eventually moved into the ambulance. All other allegations are denied.

39.     It is admitted the ambulance traveled to Albert Einstein Medical Center and a paramedic performed CPR in the ambulance. As to all other allegations, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All such allegations are therefore denied.

40.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

41.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

42.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

43.     Denied.

44.     The allegations contained in this paragraph do not require a response as they are addressed to John Doe defendants who are fictitious individuals. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

45.     The allegations contained in this paragraph do not require a response as they are addressed to John Doe defendants who are fictitious individuals. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

## V. WRONGFUL DEATH AND SURVIVAL ACTIONS

46.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

47.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

48.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

49.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

50.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

51.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

52.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

## VI. CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FOURTH AMENDMENT FOR EXCESSIVE FORCE RESULTING IN DEATH
#### (Plaintiff v. Defendant Officers)

53.     All proceeding paragraphs are incorporated as if fully set forth herein.

54.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

55.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

56.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

57.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

58.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

59.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

## COUNT II: VIOLATION OF THE FOURTH AMENDMENT FOR FAILURE TO INTERVENE
### (Plaintiff v. Defendant Officer 2 and Defendant Officer 3)

60.     All proceeding paragraphs are incorporated as if fully set forth herein.

61.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

62.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

63.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

64.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

65.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

66.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

## COUNT III: VIOLATION OF THE FOURTH AMENDMENT FOR
## FAILURE TO TRAIN EXHIBITING DELIBERATE INDIFFERENCE
### (Plaintiff v. Defendant City)

67.     All proceeding paragraphs are incorporated as if fully set forth herein.

68.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

69.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

70.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

71.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

72.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

73.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

## COUNT IV: ASSAULT AND BATTERY UNDER PENNSYLVANIA LAW
### (Plaintiff v. Defendant City)

74.     All proceeding paragraphs are incorporated as if fully set forth herein.

75.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

76.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

77.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

78.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

**WHEREFORE**, Defendant denies it is liable to Plaintiff, either jointly or severally, and demands judgment in its favor, together with reasonable attorney's fees and the costs of defending this action.

## JURY DEMAND AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against the Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of qualified immunity because, at all times material hereto, the Defendants were carrying out their duties in a proper and lawful manner and in the exercise of good faith.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that he has failed to take reasonable measures to mitigate any or all damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, insofar as Defendants purported actions or omissions were not the proximate cause of any alleged injury, loss, or damage incurred by the Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

At all times material to this civil action, Defendants acted in a reasonable, proper, and lawful manner.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is bringing state law claims, law enforcement privilege shields the Defendants from liability on Plaintiff's state law claims. See 18 Pa. Cons. Stat. § 508(a)(1).

## JURY DEMAND

Defendant demands a jury trial in this action.

**WHEREFORE**, Defendant denies it is liable to Plaintiff, either jointly or severally, and demands judgment in its favor, together with reasonable attorney's fees and the costs of defending this action.

Date:  July 1, 2021                              Respectfully submitted,

                                                  /s/ Andrew F. Pomager
                                                 Andrew F. Pomager
                                                 Assistant City Solicitor
                                                 Pa. Attorney ID No. 324618
                                                 City of Philadelphia Law Department
                                                 1515 Arch Street, 14th Floor
                                                 Philadelphia, PA 19102
                                                 215-683-5446 (phone)
                                                 215-683-5397 (fax)
                                                 andrew.pomager@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONATHON O. DOWD, as father and administrator of the estate of JONATHON B. DOWD, deceased,** | : : : : : | **CIVIL ACTION No. 21-1945** |
| **Plaintiff,** | : : | |
| **v.** | : : : | |
| **CITY OF PHILADELPHIA, et al.** | : : : | |
| **Defendants** | : : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date below the foregoing Answer with Affirmative Defenses

was filed via the Court's electronic filing system and is available for viewing and downloading.

Date:  July 1, 2021                                         Respectfully submitted,

 _/s/ Andrew F. Pomager_____
Andrew F. Pomager
Assistant City Solicitor
Pa. Attorney ID No. 324618
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5446 (phone)
215-683-5397 (fax)
andrew.pomager@phila.gov