## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHON O. DOWD, as father and administrator of the estate of JONATHON B. DOWD, deceased,** | : : : : | **CIVIL ACTION** **No. 21-1945** |
| **Plaintiff,** | : : | |
| **v.** | : : | |
| **CITY OF PHILADELPHIA, et al.** | : : | |
| **Defendants** | : : | |

### DEFENDANTS DANIEL MITCHELL AND LINDSAY MOORE'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDEDCOMPLAINT

Defendants Daniel Mitchell and Lindsay Moore hereby file this Answer with Affirmative Defenses to Plaintiff's Amended Complaint and aver as follows:

### I. PRELIMINARY STATEMENT

1.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

### II. JURISDICTION AND VENUE

2.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

3.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

4.      The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

5.      The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

### III. PARTIES

6.      After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

7.      After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

8.      The characterization of the office described as "central business office" is denied as stated. All other allegations in this paragraph are admitted.

9.      Admitted.

10.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

11.     Admitted.

12.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

13.     Admitted.

14.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

15.    Admitted.

16.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

17.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

## IV. STATEMENT OF FACTS

18.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

19.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

20.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

21.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

22.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

23.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

24.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

25.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

26.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

27.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

28.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

29.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

30.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

31.     Admitted.

32.     Admitted.

33.     It is admitted that at some point Dowd was lying on the ground, stood up, and was speaking unintelligibly at times. All other allegations are denied.

34.     Admitted that Officer Mitchell gave commands to Dowd, at times in a raised voice. All other allegations are denied.

35.     Admitted that at some point during the encounter, Dowd began to walk in the direction of Defendant Officers. All other allegations are denied.

36.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

37.     Denied.

38.     Denied as stated.

39.     Denied that Guerrero is Officer Mitchell's former partner. Denied that Guerrero was attempting to hold Dowd "in a prone position and into the pavement." Otherwise admitted.

40.     Admitted.

41.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

42.     Denied.

43.     Admitted.

44.     Admitted.

45.     Admitted that at times during the encounter, Dowd was moaning. All other allegations are denied.

46.     Denied that Dowd began to calm down. Otherwise, admitted.

47.     Admitted.

48.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

49.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

50.     Admitted.

51.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

52.     Admitted.

53.     As to when Dowd died, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and that allegations is denied. As to other allegations, admitted.

54.     Denied.

55.     Admitted that the City has provided training to officers on the likely effects of Naloxone. Otherwise denied.

56.     It is admitted that internal affairs sustained a violation of departmental directives against Officer Mitchell. Otherwise, denied.

## V. WRONGFUL DEATH AND SURVIVAL ACTIONS

57.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

58.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

59.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

60.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

61.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

62.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

63.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

## VI. CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FOURTH AMENDMENT FOR EXCESSIVE FORCE RESULTING IN DEATH
(Plaintiff v. Defendant Officers)

64.     All proceeding paragraphs are incorporated as if fully set forth herein.

65.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

66.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

67.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

68.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

69.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

70.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

## COUNT II: VIOLATION OF THE FOURTH AMENDMENT FOR FAILURE TO INTERVENE
### (Plaintiff v. Officer Moore)

71.     All proceeding paragraphs are incorporated as if fully set forth herein.

72.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

73.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

74.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

75.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

76.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

77.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

### COUNT III: VIOLATION OF THE FOURTH AMENDMENT FOR FAILURE TO TRAIN EXHIBITING DELIBERATE INDIFFERENCE (Plaintiff v. Defendant City)

78.    All proceeding paragraphs are incorporated as if fully set forth herein.

79.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

80.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

81.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

82.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

83.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

84.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

85.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

## COUNT IV: ASSAULT AND BATTERY
### Pennsylvania Common Law
### (Plaintiff v. Defendant Officers)

86.     All proceeding paragraphs are incorporated as if fully set forth herein.

87.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

88.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

89.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

90.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

## COUNT V: VIOLATION OF SUBSTANTIVE DUE PROCESS CLAUSE OF
### FOURTEENTH AMENDMENT
### 42 U.S.C. § 1983
### (Plaintiff v. Defendants Chernov and Baker)

91.     All proceeding paragraphs are incorporated as if fully set forth herein.

92.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

93.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

94.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

95.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

96.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

97.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

98.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

99.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

### COUNT VI: WILLFUL MISCONDUCT
### Pennsylvania Common Law
### (Plaintiff v. Defendants Chernov and Baker)

100.    All proceeding paragraphs are incorporated as if fully set forth herein.

101.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

102.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

103.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

104.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

**WHEREFORE**, Defendants deny they are liable to Plaintiff, either jointly or severally, and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

### JURY DEMAND AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against the Defendants upon which relief can be granted.

13

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of qualified immunity because, at all times material hereto, the Defendants were carrying out their duties in a proper and lawful manner and in the exercise of good faith.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that he has failed to take reasonable measures to mitigate any or all damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, insofar as Defendants purported actions or omissions were not the proximate cause of any alleged injury, loss, or damage incurred by the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

At all times material to this civil action, Defendants acted in a reasonable, proper, and lawful manner.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is bringing state law claims, law enforcement privilege shields the Defendants from liability on Plaintiff's state law claims. See 18 Pa. Cons. Stat. § 508(a)(1).

### EIGHTH AFFIRMATIVE DEFENSE

Defendants assert all of the defenses, immunities, and limitations of damages available under the Political Subdivision Tort Claims Act and aver that Plaintiff's remedies are limited exclusively thereto. 42 Pa. Cons. Stat. Ann. § 8541 et seq.

## JURY DEMAND

Defendants demand a jury trial in this action.

**WHEREFORE**, Defendants deny they are liable to Plaintiff, either jointly or severally, and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

Date:  September 23, 2021                                      Respectfully submitted,

                                                        /s/ Andrew F. Pomager
                                                        Andrew F. Pomager
                                                        Assistant City Solicitor
                                                        Pa. Attorney ID No. 324618
                                                        City of Philadelphia Law Department
                                                        1515 Arch Street, 14th Floor
                                                        Philadelphia, PA 19102
                                                        215-683-5446 (phone)
                                                        215-683-5397 (fax)
                                                        andrew.pomager@phila.gov

15

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONATHON O. DOWD, as father and administrator of the estate of JONATHON B. DOWD, deceased,** | : : : : | **CIVIL ACTION No. 21-1945** |
| **Plaintiff,** | : : | |
| **v.** | : : | |
| **CITY OF PHILADELPHIA, et al.** | : : | |
| **Defendants** | : : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date below the foregoing Answer with Affirmative Defenses

was filed via the Court's electronic filing system and is available for viewing and downloading.


Date:  September 23, 2021                    Respectfully submitted,

                                                            /s/ Andrew F. Pomager_____
                                                           Andrew F. Pomager
                                                           Assistant City Solicitor
                                                           Pa. Attorney ID No. 324618
                                                           City of Philadelphia Law Department
                                                           1515 Arch Street, 14th Floor
                                                           Philadelphia, PA 19102
                                                           215-683-5446 (phone)
                                                           215-683-5397 (fax)
                                                           andrew.pomager@phila.gov