## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHON O. DOWD, as father and administrator of the estate of JONATHON B. DOWD, deceased, <br> Plaintiff, <br><br> v. <br><br> CITY OF PHILADELPHIA; OFFICER DANIEL MITCHELL, individually; OFFICER LINDSAY MOORE, individually; SIMON CHERNOV, individually, AND BERNARD BAKER, individually. <br> Defendants. | Civil Action No.:  21-CV-01945 <br><br> JURY TRIAL DEMANDED <br><br> ELECTRONICALLY FILED |

## JOINT REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on October 6, 2021, and submit the following report of their meeting for the court's consideration:

I.      **Discussion of Claims, Defenses, and Relevant Issues:**

**By Plaintiff**: This is a civil rights survival and wrongful death action brought under 42 U.S.C. § 1983 and state law claims of assault and battery and willful misconduct.  Plaintiff, Jonathan O. Dowd is the father and Personal Representative of Jonathon B. Dowd's Estate.  Jonathan B. Dowd (deceased) arrived in Philadelphia by train on the afternoon of February 12, 2020.  A coworker noticed that Dowd was

1

exhibiting signs of a drug overdose and stopped at a Rite Aid Pharmacy located at the 4600 block of North Broad Street in Philadelphia. A pharmacist administered two doses of Naloxone to Dowd. After receiving Naloxone, Dowd predictably became disoriented and agitated.

At approximately 5:20 p.m., police officers Daniel Mitchell and Lindsay Moore arrived at the scene. Officer Mitchell shouted directions at Dowd. Dowd, who was 5'10" tall and weighed 151 pounds, started to walk in the general area of Defendants Officers. At that time, Officer Mitchell threw Dowd to the pavement face-first and began to wrestle with Dowd. Officer Moore assisted Officer Mitchell wrestle Dowd on the ground. While handcuffed and lying prone on the ground, Officer Mitchell viciously punched Dowd in the face and head at least three times with a closed fist.

Simon Chernov and Bernard Baker arrived on the scene with an ambulance. Chernov and Baker were medics for the Philadelphia Fire Department, and employees of Defendant City. Defendants, Chernov, and Baker placed Dowd on a stretcher in a prone position and moved him into the ambulance. Dowd was restrained in the ambulance and lying in a prone position. While in route to Albert Einstein Medical Center, Dowd went unconscious. A paramedic turned Dowd into a supine position and administered CPR with no response. Upon arrival at Albert Einstein Medical Center, doctors attempted to resuscitate Dowd to no avail. Dowd

was pronounced dead by Dr. Shawn Sethi in the Albert Einstein Medical Center's

Emergency Room at 5:58 p.m. Dowd was 28 years old at the time of his death. The

cause of death was blunt force trauma to the face and head.

Plaintiff asserts the following claims: 1) a claim under 42 USC § 1983

against Defendant Officers for excessive force in violation of the fourth amendment

(Count 1); 2) a claim under 42 USC § 1983 for failure to intervene in violation of

the fourth amendment against Defendant Moore (Count 2); 3) a 42 USC § 1983

Monell claim against the City of Philadelphia for failure to train (Count 3); 4)

common law assault and battery against Defendant Officers (Count 4); 5) a claim

under 42 USC § 1983 for a state created danger against Defendants Chernov and

Baker (Count 5); and 6) a common law tort claim against the same (Count VI).

The primary issue the parties dispute is whether the actions of Defendants

were a direct and proximate cause of Jonathan B. Dowd's death.

**By Defense:** Defendants Chernov and Baker contend that plaintiff was

violent and combative, requiring multiple police officers to subdue him for

transport to the hospital.  Plaintiff's combative state presented a danger to all

present in the ambulance, required that he remain as positioned by the police, and

precluded attempts to change his position.  Defendants' conduct was objectively

reasonable under the circumstances, and did not violate plaintiff's decedent's

constitutional rights. Defendants Chernov and Baker are further entitled to

3

qualified immunity.  The Medical Examiner determined that the cause of death was

"Drug Intoxication (Cocaine, Fentanyl, Acetyl Fentanyl, Tramadol, Oxycodone)."

Defendants Chernov and Baker did not cause or contribute to the death of

plaintiff's decedent or otherwise cause him injury.

Defendants Mitchell, Moore, and the City agree that Plaintiff was violent and

combative, and the use of force to subdue him was (a) necessary for the safety of

themselves, Plaintiff, and others, (b) neither vicious nor excessive, (c) not a cause of

Plaintiff's death. Defendants deny Plaintiff's characterization of the use of force,

including that Plaintiff was thrown face-first to the ground. Moreover, nothing in the

City's policies was deficient in a way to cause the interaction between Defendants

and Plaintiff.

### 1.      Discovery Needs

**By Plaintiff:** In discovery, Plaintiff will need to obtain the body camera

footage of officers at the scene. Plaintiff intends to depose or seek discovery from

Defendants, employees, consultants and medical experts.  Plaintiff also intends to

obtain and disclose relevant medical evidence in the form of medical records, expert

opinions, and/or vocational discovery if relevant or appropriate.

**By Defense:** In addition to discovery regarding the circumstances of the

incident in question, defendants intend to seek discovery regarding plaintiff's

decedent's history of drug use, his medical history, and information relevant to plaintiff's claimed wrongful death and survival action damages.

### 2.   Motions

**By Plaintiff**: The Plaintiff has not yet identified which motion(s) will be filed at this time.

**By Defense:** The defendants anticipate filing motions for summary judgment at the close of discovery.

## II.   Informal Disclosures:

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1), except that Defendants Mitchell, Moore, and the City will make initial disclosures by the Court's deadline of October 7, 2021

## III.   Formal Discovery:

The parties agree that formal discovery should close 180 days from the date of the Rule 16 conference (April 11, 2022).

**By Plaintiff:** Counsel for Plaintiff intends to depose or seek discovery from Defendants, employees, consultants and medical experts.  Plaintiff also intends to

obtain and disclose relevant medical evidence in the form of medical records, expert opinions, and/or vocational discovery if relevant or appropriate.

The parties seek 180 days of discovery because there are many independent fact witnesses to the incident in question whose deposition will need to be secured by subpoena. In addition, plaintiff's decedents' family members and his co-worker, who was present with plaintiff during the time leading up to and through the incident, reside in Maine, and special arrangements will need to be made for their depositions.

The parties do not anticipate any issues regarding the discovery of electronically stored information, but will comply with all applicable provisions concerning the discovery of electronically stored information, as set forth in the Federal Rules of Civil Procedure and case law. Should a dispute arise regrading electronic discovery, the parties will confer in an attempt to resolve the issue before seeking Court intervention.

The parties have agreed that the inadvertent production of privileged or protected materials will not act as a waiver of privilege with respect to the subject matter of the disclosure. The parties have further agreed to return to the disclosing party any inadvertently produced privileged or protected materials, without prejudice to the returning party's right to move to compel the production of the materials at issue.

**IV.    Expert Witness Disclosures:**

The parties have agreed on the following timing and sequence of disclosure of the identity and anticipated testimony of expert witnesses.  Plaintiff's expert report will be due on May 11, 2022; Defendants' expert report will be due June 10, 2022.  The parties will conduct expert discovery by July 11, 2022.

**V.    Early Settlement or Resolution:**

The parties familiarized themselves with Local Rule 53.3. Regarding alternative dispute resolution, the parties discussed ADR and potential settlement discussion with a magistrate judge at some point in the future.

The parties do not seek early resolution because discovery is required.

The parties will consider the following mediation options:

The parties believe mediation would be appropriate when significant discovery has been exchanged.

**VI.    Magistrate Jurisdiction:**

The parties do not agree to have the entire matter transferred to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

## VII.  Trial Date:

The parties agree on an October 2022-Novemeber, 2022 range of time during

which the case will be assigned to a trial pool or given a trial date certain.


## VIII. Other Matters:

None.

> */s/ Scott Stedjan        /s/ Adam Wolfe*
> Scott Stedjan, Esq. & Adam Wolfe, Esq.
> *Counsel for Plaintiff*
>
> */s/ Andrew Pomager*
> Andrew Pomager, Esq.
> *Counsel for Defendants City of
> Philadelphia, Officer Daniel Mitchell &
> Officer Lindsey Moore*
>
> */s/ Nicholas Cummins*
> Nicholas Cummins, Esq.
> *Counsel for Defendants Simon Chernov &
> Bernard Baker*

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on the following by the Court's ECF filing system.

Adam Wolfe, Esq.
Shollenberger, Januzzi & Wolfe, LLP
2225 Millennium Way
Enola, PA 17025
awolfe@sjwlaw.com


Andrew Pomager, Esq.
Assistant City Solicitor
Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-341-3432
andrew.pomager@phila.gov


Nicholas Cummins, Esq.
Bennett Bricklin & Saltzburg LLC
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
215-665-3328
cummins@bbs-law.com


Dated: October 7, 2021                    /s/  *Scott  Stedjan*
                                          Scott Stedjan, Esquire
                                          Killian & Gephart, LLP
                                          218 Pine Street,
                                          Harrisburg, PA 17101