

SHOLLENBERGER
JANUZZI
&WOLFE, LLP
ATTORNEYS AT LAW

Timothy A. Shollenberger, Esq.*
Karl J. Januzzi, Esq.
Adam T. Wolfe, Esq.
Olivia Unger Bort, Esq.**
Madison E. Hart, Esq.
*Founder & Senior Counsel
**Also member NJ Bar

Writer's direct e-mail: awolfe@sjwlaw.com

July 15, 2022

Andrew F. Pomager, Esq.
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
**Via Email:** Andrew.pomager@phila.gov

Nicholas Cummins, Esq.
Bennett, Bricklin & Saltzburg LLC
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
**Via Email:** Cummins@bbs-law.com

  RE: Dowd v. City of Philadelphia, et al.

Dear Andrew and Nick:

  It was nice seeing you both at depositions on July 12th.  I write in follow up to several requests that have been made for additional discovery responses and regarding remaining depositions.

  After reviewing the file, I have decided that we would like to move forward with scheduling the deposition of Dr. Sethi, as well as the Philadelphia police officer who Mr. Shumaker indicated told him to throw the drugs away.  I am enclosing a copy of my February 14, 2022 letter requesting the identity of that police officer.  To my knowledge, that identity has not yet been provided by the City.  Please allow this letter to serve as a renewed request for that identification.

  In addition, we reserve the right to depose Ms. Coleman, Mr. Guerrero, and Ms. Small, if the City or Chernov/Baker intend to call them at the time of trial.  Please let me know if you object to proceeding in that manner, and if you do, we will schedule their depositions now.

  In addition, it may be necessary for us to depose the individuals whose names appear on the MDT Audit Trail.  Based on my understanding of the software, there



CELEBRATING
**25 YEARS**
FIGHTING FOR THE INJURED

**Main Office**
Send Correspondence to:
2225 Millennium Way
Enola, PA 17025

717.728.3200
888.CALL.SJW  Toll Free
717.728.3400  Fax
**www.sjwlaw.com**

Harrisburg Office
Do Not Send Correspondence to:
4811 Jonestown Road, Suite 221
Harrisburg, PA 17109

should be additional documentation regarding the metadata involved with the MDTs. Likewise, we learned from Captain Schuiko that there were two MDTs present in the ambulance and by copy of this letter, we are requesting that we receive any and all audit trails or metadata from those MDTs that in any way relate to Jonathan B. Dowd (all dates and times) and/or that pertain to any records created by or that reflect use of the MDTs from 5:17:55 p.m. through 7:20 p.m on February 12, 2020.  Obviously, we understand that any record regarding patients aside from Jonathan B. Dowd can certainly be redacted.

As we are still waiting on numerous documents from the City that have been requested throughout the pendency of the litigation, we do reserve the right to depose individuals whose identity is not disclosed to us within the time necessary to meet the August 15, 2022 Discovery Deadline.

In that regard, please allow this letter to serve as renewal of our requests for *all* of the Items identified in # 1,2, 3,4,5 and 6 of my February 14, 2022 letter.  While I understand certain items have been provided with respect to a number of those requests, there appears to still be numerous documents outstanding.  In particular, we received nothing regarding whether there are blood spot cards, FTA cards, specimen samples, organs, tissues, or the like that still exist in the ME (toxicology lab) office.  As part of that, we also requested all the records regarding preservation, destruction, or discarding of those documents.  Likewise, we have received nothing concerning the protocols and procedures we had requested at Item # 3 in my letter.

I understand that Item # 4 may involve information coming from both the City as well as paramedic Chernov himself.  However, we are still seeking to obtain the PA Train documentation regarding the classes and courses taken and any testing related to those courses/classes.  Likewise, we requested any documentation regarding paramedic Chernov's employment with Fairmont Psychiatric Clinic including but not limited to, training he received and the circumstances of his separation.

During the recent depositions, we discussed which of the documents regarding the City of Philadelphia disciplinary action would be appropriate.  We are requesting all of the documentation I specifically mentioned during Captain Schuiko's deposition including any and all documentation regarding the Appeal Hearing or hearing/meeting with the Mayor's Labor Relations Board.  **We are reserving the right to depose members of the Philadelphia Fire Department, including Deputy Commissioner Yates, and Chief Thompson, pending receipt and review of those documents.**

With respect to the requests made during the depositions held on July 12, 2022, please note that once we have the transcripts, we will provide you with exact requests even though I know that Mr. Pomager wrote down each of the requests that we made. In particular, our requests include but are not limited to, the body diagram addressed by Dr.de la Garza, the doctor notes addressed by Dr. de la Garza, anything in Dr. de la

Page 3

Garza's "binder" related to Jonathan B. Dowd and her autopsy and/or the investigation regarding Mr. Dowd; the Philadelphia Fire Department Trial Board Charge Sheets that Captain Schuiko indicated that he prepared as it related to the discipline for paramedic Chernov; and a copy of Dr. de la Garza's current Curriculum Vitae.

If necessary, I will send a more formal request based on the specific requests made during the deposition. Obviously, I will want to review the deposition transcript so that I make sure that my wording of any such requests is accurate.

**Please provide all requested documents within ten (10) days of the date of this letter.** As you know, the discovery deadline and ultimately, the expert deadline, are quickly approaching. It is virtually impossible for us to ask our experts to prepare reports by the deadline if the City/Chernov/Bake do not provide us with these documents and things before July 25, 2022. **Again, since a number of these documents are responsive to our initial discovery requests, we do reserve the right to depose any individuals whose testimony may be relevant and whose identity is initially disclosed through any of the documents or things provided to use from this date forward.** Likewise, we need to be able to address our concern regarding the City Medical Examiner's preservation of all documents and things related to their autopsy and investigation. As you may know, H. Christopher Rogers was provided with the preservation letter in February 2020. If you require a copy of the correspondence to Mr. Rogers, please do not hesitate to let me know.

Thank you again for your collegiality throughout this process and I look forward to receiving these documents so that the case can be tried in a swift manner. As always, I would happy to discuss these matters with you by telephone if you should need.

Thank you for your attention to this matter.

Very truly yours,

Adam T. Wolfe

ATW:jjr
cc:     Scott Stedjan, Esq. (via email)
        Madison Hart, Esq. (via email)