## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHON O. DOWD as father and administrator of the estate of JONATHON B. DOWD, deceased, Plaintiff, | : : : : : |
| v. | : : |
| CITY OF PHILADELPHIA, et al., Defendant. | : : : |

No. 21-cv-1945-JMY

### ORDER

AND NOW, this 18th day of November 2022, upon consideration of the *Partial Motion to Dismiss the Second Amended Complaint for Failure to State a Claim pursuant to 12(b)(6)*[1] filed by the Defendants Simon Chernov and Bernard Baker (ECF No. 30), it is hereby ORDERED that said Motion shall be GRANTED.[2]

Plaintiff's claim for willful misconduct in Count VI of the Second Amended Complaint will be DISMISSED from this lawsuit, and Plaintiff will not be permitted to file an Amended Complaint to reassert claims of willful misconduct against moving Defendants.[3]

IT IS SO ORDERED.

BY THE COURT:

   /s/ John Milton Younge   
Judge John Milton Younge

---

[1] In considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

² The Second Amended Complaint ("SAC") alleges a wrongful death and survival action against Defendants for events that transpired on February 12, 2020. (SAC, ECF No. 26.) On February 12, 2020, Jonathon B. Dowd ("Decedent") was in Philadelphia when it appeared he was overdosing on opiates, so a co-worker took him to a Rite Aid Pharmacy where a pharmacist administrated Naloxone. (ECF No. ¶¶ 23, 26-27.) Naloxone is a medication that can be used to reverse the effects of an opiate overdose. (*Id.* ¶ 25.) The pharmacist also called 911 to request assistance. (*Id.* at ¶ 25.)

Daniel Mitchell and Lindsay Moore, both police officers with the Philadelphia Police Department, arrived on the scene at approximately 5:20 p.m. (*Id.* ¶ 31.) A few minutes later Defendants Simon Chernov and Bernard Baker arrived on the scene in an ambulance. (*Id.* ¶ 41.) Defendants Chernov and Baker were employed as medics with the Philadelphia Fire Department. (*Id.* ¶¶ 13, 15.) Decedent was laying on the ground when the police officers arrived on the scene. (ECF No. 32.) He then stood up and walked in the general direction of Officers Mitchell and Moore. (ECF No. 35.)

The SAC alleges that Decedent became involved in an altercation with Defendant police officers which resulted in the use of force and his restraint. (*Id.* at ¶¶ 28- 41.) Plaintiff alleges that the police officers, EMT Baker, and Paramedic Chernov then placed Decedent on a gurney in the prone position and moved him into the ambulance. (*Id.* at ¶ 42.) Plaintiff alleges that the Decedent remained in the prone position while in the ambulance, and that Paramedic Chernov failed to actively monitor the Decedent's condition, administer high concentration oxygen, sedate the decedent, or move him into a supine position. (*Id.* at ¶ 51.) Plaintiff alleges that the decedent died in the ambulance on the way to the hospital, allegedly due to Defendants conduct. (*Id.* at ¶¶ 56-57.)

Plaintiff asserts claims against moving Defendants Chernov and Baker for violation of his substantive due process clause rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. (*Id.* ¶¶ 95-108 (Count V).) Plaintiff also asserts claims against moving Defendants for willful misconduct under Pennsylvania common law. (*Id.* ¶¶ 109-122 (Count VI).) Plaintiff alleges that the conduct of Defendants Baker and Chernov constitutes willful misconduct in violation of the Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. § 8541, *et seq*.

In additional to claims asserted against the Philadelphia Fire Department EMS workers – Defendants Chernov and Baker – Plaintiff also asserts claims against Police Officers Mitchell and Moore. (*Id.* ¶¶ 68-75 (Count I), 76-81 (Count II), 90-94 (Count IV), 95-108 (Count V).) He alleges various constitutional claims against Defendant Police Officers along with a claim for assault and battery under Pennsylvania common law. (*Id.*) Finally, Plaintiff asserts claims against the City of Philadelphia for failure to train exhibiting deliberate indifference pursuant to 42 U.S.C. § 1983. (*Id.* ¶¶ 82-89 (Count III).)

In the *Partial Motion to Dismiss the Second Amended Complaint*, Defendants Chernov and Baker – EMS Workers – move to dismiss claims of willful misconduct asserted against them in the Second Amended Complaint. They have not moved to dismiss Plaintiff's substantive due process claim. Claims asserted against the Philadelphia Police Officers and the *Monell* claim asserted against the City of Philadelphia are not at issue in this Motion; therefore, the Court will not address these claims at this time.

To the extent that Plaintiff seeks to advance an independent claim for willful misconduct, the Court will dismiss Plaintiff's willful misconduct claim from this lawsuit because it is not recognized as an independent cause of action under Pennsylvania common law. *Booze v. Wetzel*, No. 12-cv- 01307, 2017 U.S. Dist. LEXIS 81247, at *32-33 (M.D. Pa. May 25, 2017) (the courts

of this Circuit have repeatedly and regularly dismissed attempts to assert "willful misconduct" as a stand-alone cause of action); *Jackson v. Davis*, No. 13-cv-1717, 2014 U.S. Dist. LEXIS 95600, at \*67-68 (W.D. Pa. Jul. 14, 2014) (finding that, to the extent the plaintiff is attempting to assert a separate cause of action under Pennsylvania law, based on the Defendants' alleged "willful misconduct," such claim "must be dismissed inasmuch as 'willful misconduct' is not a recognized cause of action under Pennsylvania law."); *Thomas R. v. Northeastern Educ. Inter. Unit 19*, No. 06-cv-1902, 2008 U.S. Dist. LEXIS 8017, at \*10-11 (M.D. Pa. Feb. 1, 2008); *Gigliotti v. Northeastern Educ. Inter. Unit 19*, No. 06-cv-1900, 2008 U.S. Dist. LEXIS 8012, at \*10-11 (M.D. Pa. Feb. 1, 2008) (explaining that "willful misconduct itself is not a cause of action."); *Doe v. Allentown Sch. Dist.*, No. 06-cv-1926, 2007 U.S. Dist. LEXIS 70355 at \*30 n. 10 (E.D. Sep. 21, 2007).

To the extent that allegations of willful misconduct can be read to expand on Plaintiff's substantive due process claim under 42 U.S.C. § 1983, the Court will permit Plaintiff to proceed with allegations of willfulness. However, the Court will not rewrite the SAC to implicitly include negligence concepts in Count VI – as the Plaintiff has invited the Court to do. When discussing the concept of willful misconduct in relationship to the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S. §§ 8542(a)(2), and the concept of willful misconduct under 42 Pa. C.S.A § 8550, the Pennsylvania Supreme Court wrote, "In other words, the term willful misconduct is synonymous with the term intentional tort." *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994). Therefore, willful misconduct does not appear to be a negligence concept in relationship to the Political Subdivision Tort Claim Act.

[3] When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Third Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000); *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486 (3d Cir. 1990). However, a court need not grant leave to amend when it would be an exercise in futility. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 879 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile, *i.e.*, if the proposed complaint could not 'withstand a renewed motion to dismiss.'") (quoting *Jablonski v. Pan. Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (recognizing that denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile).